Please be seated. We have five cases on the docket this morning, but we'll only hear oral argument in four out of the five. We just, for housekeeping purposes, will take a short break after the second case, which is 24-1387, United States v. Hutu. With that said, in the first case this morning, 24-7077, United States v. Cole, counsel for if you'll make your appearance and proceed, please. May it please the Court, my Honorable Opponent, I'm Blaine Myrie, counsel for Defendant Appellate Brett Cole. The district court permitted the government to introduce evidence of other acts of child molestation that occurred when Mr. Cole was a juvenile. The court admitted that under Federal Rule of Evidence 414. We contend that that was reversible error because Mr. Cole was a juvenile at the time, and therefore the acts did not meet the requirements of the rule that it be a crime under federal law or under state law. Does the Federal Juvenile Delinquency Act eliminate the criminality of conduct by a minor, or does it simply say that minor shall not be punished in certain ways? It, Your Honor, it distinguishes between juvenile delinquency on the one hand and crimes on the other. The definition section 531 describes a juvenile delinquency as the violation of a law. So it is a violation of the law committed by a person prior to his 18th birthday. And if it's a violation of a criminal law, a law that is in our criminal books, isn't that the definition of a criminal violation? No, because the next part of the definition of juvenile delinquency says act prior to his 18th birthday, which would have been a crime if committed by an adult. So the use of the conditional tense there changes what a crime is. For a crime to occur, it must be committed by an adult, someone over 18, or it must be something where the juvenile has been a judge to be tried as an adult and run through an adult criminal prosecution. I mean, doesn't that last statement you just make cut against your whole argument, though? Because if it's capable, if a juvenile is capable of being charged as an adult for this act, I mean, doesn't it then by definition meet the definition of crime in the rule? No, because the presumption is that it is an act of juvenile delinquency unless and until the criminal justice process steps in and says, no, we're going to elevate this to an adult criminal prosecution. There are cases where that occurs. What about cases that were, let's just talk about cases that were not charged, prior acts that are arguably criminal but not adjudicated to be so? I mean, we can consider those, but they've never actually been adjudicated to be a crime. They've never definitionally become a crime, have they? No, but the presumption is that when someone is under 18, it's an act of juvenile delinquency unless the statute provides otherwise or unless the person has been charged and that charge has been elevated from an act of juvenile delinquency to an actual adult criminal prosecution. We don't have that here. What do you have that would argue in favor of this? I look at the rule and I think this rule uses the word crime to describe conduct, not the technical nomenclature of whether something has been defined elsewhere in the code as a crime or an act of juvenile delinquency. What do you have that says when they were drafting the rule that they were not thinking about the conduct as opposed to technical nomenclature? It's the plain language of the rule and it's an easy fix if Congress or the Supreme Court wanted to fix it. I mean, it is plain language. Their definitions abound that define this conduct as criminal. Crime under federal law or under state law, that requires a specific federal statute or a specific state statute that the other act supposedly violated. You accept, however, that crime as used in Rule 414 doesn't have to be a crime for which one was adjudicated, convicted, to use that word. We're not talking about conviction. No, we're not talking about that. It doesn't have to be a prior conviction or a prior charge. It just has to be an act that constitutes factually and legally a crime under either federal law or under state law. And, well, to that point, let me turn your attention to Sweeney. In this case, on its face, Sweeney would seem to help you. But one thing that I'm puzzled by is in Sweeney, the bankruptcy discharge statute that was used as sort of the statute in question to determine where they played off the term crime and the interplay between that and the Federal Juvenile Delinquency Act. In that case, it spoke of crime of conviction. It did not speak of crime, apparently, in the sense of Rule 414. And what that raises as a question for me is whether the result in Sweeney really would map onto this situation at all. In other words, the court in Sweeney took the position that there was the Juvenile Delinquency Act spoke of, talked about, as we know, whether something would be classified as a crime or not and, therefore, the discharge provision was not operational because it wasn't a crime. But also, in that discharge provision, it was a crime of conviction, not just a crime in this instance. Do you follow where I'm going? I can try to. The issue in Sweeney was the restitution order that resulted from the juvenile charge arson charge for which the person, who was 12 years old at the time, was a judge, a juvenile delinquent, and ordered as part of that adjudication to pay a $90,000 restitution charge, declares bankruptcy as an adult and has $85,000 remaining on that, and the Colorado Judicial Department says, well, that was a restitution order that resulted from the conviction for a crime. And this court said, no, it didn't, because it was an adjudication of the juvenile delinquency. It was part of the juvenile delinquency adjudication, not sentence conviction. So I don't think Sweeney cuts against us. It obviously is a fundamentally different case being a bankruptcy case. Well, not only is it a fundamentally different case being a bankruptcy case, but I guess what I was trying to get at, maybe inartfully, was the notion that in Sweeney, what you had was the notion of a, you had a conviction under a juvenile statute, okay, for a judge delinquent, and you had a statute that required a criminal conviction. And what I'm saying is in this instance, you don't have a statute that requires a criminal conviction. It could be criminal activity that would fall under federal or state law. And so why would not that criminal activity, that same criminal activity, if otherwise committed then by a juvenile, why wouldn't that same criminal activity be merged in a way that it could not in Sweeney because of the obstacle of a criminal conviction? Your Honor, I think it goes back to the plain language of Rule 414d-2. It says a crime under federal law or under state law. Now, when you're talking about the prior acts of a defendant, you have to look at the specific act. If you look, for example, in the Willis case, there you had a defendant who argued that, didn't argue the argument we had, which is I was a juvenile at the time, but made a different type of argument, which was what I did was not a crime. This was, I think he described it as a teenaged, quote, make-out session. So factually, that would not constitute a crime under federal law if it was just, you know, if it didn't meet the requirements of, I guess, either a state or federal statute, sexual assault statute. Here, the difference is it is not a crime, it is not a crime that the juvenile commits. It is an act of juvenile delinquency. It has not been classified as a crime. I mean, this goes back to, I think Judge Evel used the word criminal activity, and if you have criminal activity that would otherwise be a violation of federal or state law, but for the fact that it is a juvenile, then why is it not a crime under federal or state law? Because the, and the point that I was trying to at least get at was there is no impediment of a judification or conviction in Rule 414. So why are we talking about the substance of the offense, the substance of what is at play? And if certain acts, Act A, is a, would subject you to criminal liability under federal or state law, and then you get over into the juvenile context, and that same act would subject you to federal, to criminal liability under federal or state law, but for the fact that the decision is made not to transfer you to adult status so that you are a judge or delinquent, then why isn't that same substance, that same criminal activity at play in both instances? Because it's not criminal activity, it's juvenile delinquency activity. It hasn't classified, it hasn't been classified as a crime, but the same act is taking place, the same substance is at play. I would agree the same act takes place, but the plain language of the rule says crime under federal law, and it's our contention that an act of juvenile delinquency is not a crime under federal law, based on 18-5039. What if you have a mentally incompetent defendant, and he commits a crime, would you say, I'm sorry, you did not commit a crime under federal or state law, or would you say, you did commit a crime under federal or state law, but we are not going to hold you personally accountable for it, but that doesn't mean you didn't do a crime. Isn't that what we would say for a mentally incompetent? And that's a disability, mental competence is a disability, very similar to being a minor, being a disability from being sued for criminal activity. We don't impose criminal liability on the juvenile, we impose juvenile delinquency consequences. On the incompetent defendant, we don't try them. There can't be liability if the person is incompetent. I guess your time is getting short, but I would like, it seems to me you've got a couple of cases that are pretty big obstacles to get around, U.S. v. Willis and U.S. v. Bryan, what do you have to say about those two cases? Well, Willis didn't make the argument we made. It dealt with the argument there by the defendant was factually what I did wasn't a crime. In other words, it didn't constitute a sexual assault. And I think that argument would work for him if the facts lined up. So I don't think Willis is opposed to us, and Willis doesn't address the legal question we raised about 5031. And I'm drawing a blank on the Bryan case, but if I recall, I don't think that addressed the 5031 issue either. I don't think any of these cases have addressed the specific argument that I raised here. And let me ask you this question about the interpretation of that phrase, federal or state law. If it contemplates that the activity would be one that would be a crime under federal or state law, and now I'm focusing on the state law piece, does that interpretation contemplate that admissibility could turn on the state where the offense takes place? Absolutely, because under state law, it presumes that one of the elements of any crime is you have to be in the jurisdiction that makes it a crime. It's not a Colorado crime to commit a robbery in Oklahoma. So I think it does matter. I'd like to reserve the balance of my time for rebuttal if there are no further questions. That's fine. Good morning, Your Honors. Good morning. Lisa Williams, representing the United States of America. Juveniles commit crimes. They don't commit some other act. They don't commit acts of delinquency. The behavior that lands them in court is criminal in nature. They commit violations of state or federal law. What they are instead, what the difference is, is that they are not convicted of their criminal behavior. Instead, they are adjudicated delinquent. And that is the difference between adult and juvenile criminal process. But the underlying substance of what they do to land themselves in court is criminal in nature. And because of that, juvenile conduct is a crime. By the terms of the Federal Juvenile Delinquency Act, it uses language, and I was going to take the time to pull it up, but I'll just paraphrase, would be a crime. Well, that implies that it wasn't a crime because they're a juvenile. I mean, it would be a crime if they were transferred for adult prosecution, but it's not a crime because they're not being transferred for adult prosecution. So what do you do with the fact that the plain language of the statute suggests that it is not a crime? Well, Your Honor, I think you can read that would be as an is as well. It is a crime, except they are moved and adjudicated delinquent. The acts that they did to land themselves in court are crimes, except they are not 18. That's how they're- You can read the would be as an is. So how does that work? You're saying, go ahead, please. So what you did would be a crime. What you did was a crime. What you did is a crime. But they're all different tenses of the, you know- Well, they are different tenses, but tenses have meaning. And I mean, would be suggests that it is not in that state now. I mean, because of some reason, it would be a crime, but it is not a crime. And the only reason is because of their age. It's, for example, again, taking the example of a mentally incompetent person, it would be a crime, except they didn't form the proper mens rea to commit the crime because they're mentally incompetent. But that's not the case with the only thing standing in the way of a juvenile being convicted of a crime is age. It's not mental status. It's not some sort of other exculpatory reason. It's a bright line, hard and fast, age. And so with something like that, Your Honor, there's not a gray area. It's white or black, you're a juvenile or you're not a juvenile. It is a crime, except for their age. And Mr. Cole, in his reply brief, said that you did not respond to the contention that the other acts at issue here could not be considered crimes under Oklahoma law. Do you agree that they could not be considered crimes under Oklahoma law? I don't think there's enough in the record to make that determination because of how and when people or juveniles get waived to adult court and under what circumstances. And that's one of the government's, if, to open up the- Well, do you think that's a relevant inquiry as to how state law turns in specific state law terms? I mean, I think that if this court were to rule that juvenile convictions didn't fall within the scope of 414, then yes, it is a relevant inquiry, whether or not the act would constitute juvenile adjudication. But the government feels that that is just so far from the right result in this case that it shouldn't be an issue that the court has to address because 414 brings into its scope criminal acts, not convictions, not adjudications. And the way that the defense is using the FGDA is really to, again, reverse-engineer the definition of what a crime is because that act doesn't say a crime is an act committed by an adult. It's using the definition to then get to where they want to go. And then the text of 18, I think it's 5031, says, as used in this statute, right? So this definition, that statutory definition is limited to the FGDA, but then they want to apply it to the rules of evidence. And that is just way too many links to get to the result that the defense wishes this court to adopt. The Congress and the drafters of this rule were very clear that 414 is to be liberally applied. And if they had intended for juvenile acts to be excluded from the scope of 414, they would have done that. And we know that they knew how to do that because this court can look at Rule 609, which is evidence of crimes, and when evidence of criminal convictions come in. And they've caveated out in 609 a whole section about juvenile adjudications. So if the drafters wanted courts to apply this hyper-technical definition of crime to 414, they would have provided more context. But instead, what they want is for the courts to use an ordinary meaning of the definition of the word crime. And when you apply that ordinary meaning to 414, we don't have this hyper-technical debate. It's was the activity criminal in nature. It seems to me that we have two different points here. One is what was violated? What was done? What was the standard that was breached? And is that criminal or something other than criminal? So first we ask, what was done? And then a completely separate question is, who did it? And I think that the way it looks to me, we're saying that a crime is this child molestation. But then in the definition section, it doesn't say, now we're going to define crime at all. That issue has now been resolved or is out of this question. All we're defining in the definition section is, who did it? And it says a juvenile did it. And now we're defining a juvenile to say that the juvenile isn't going to be held responsible. In the federal juvenile delinquency act. Yes. I'm not even addressing the Oklahoma. I mean, that was kind of underdeveloped, I thought. And I think that that's the, you're right, Your Honor. The question, the first turn is the substance of the conduct. Well, is it entirely the substance of the conduct? Rule 414 speaks of under federal or state law. I mean, it could have just as easily said would have been a crime. I mean, it didn't say that. It referenced specific law. And if it references specific law and we accept for the moment that the state law piece of that is underdeveloped, then we're focusing on the federal law piece of that. And if we focus on the federal law piece of that, we're focusing on the juvenile delinquency act. And the juvenile delinquency act speaks in terms of what would have been a crime but for. And so why does that language not have power when 414 references us to federal law? And that's what we're talking about now. Well, I think the response to that is to pick apart the very first part of the chain of reasoning, Your Honor, with all due respect. But it says it's a crime under state or federal law. And the court seems to think that that narrows things. But the only other law left, I guess, would be city or municipality law. Tribal law? Tribal law. You're right, Your Honor. But state and federal law is very broad. Well, it could have been. Look, you've got the model penal code. You've got a number of ways you can define what the law is. Or you could have us infer criminal conduct. Conduct, you know, there are dictionary definitions that say what is a crime. And so there are a number of ways you could have done this without referencing actually federal law. And, in fact, they went beyond that and referenced state law. So, I mean, it does have a narrowing effect. I mean, there are other ways you could do this. I agree. Absolutely there are other ways that this rule could have been written. But that doesn't mean that the way that Congress chose to adopt and how the drafters of the rule chose to write the rule narrow it to exclude juvenile adjudication. Well, if they narrow it to mean federal law, then you are transported into a world of saying, okay, at this point, what would this person have been subject to under federal law? And that leads you to the Juvenile Delinquency Act. And the Juvenile Delinquency Act tells you what they would have been subject to is being classified as a juvenile delinquent and not as a committer of a crime. Well, I do wonder, Your Honor, if it did just say federal law, if then Title II, the Assimilation Act, would apply to rope in all of this underlying state criminal law. So, I guess, I don't think that we're roped in and limited under the FJDA. I think there's no evidence that when writing this rule, Congress had the FJDA on its mind or on its radar or anything like it. What we do know from the congressional hearings is that they wanted this rule to be applied liberally and wide in scope, and that's why they don't require a conviction. They just want to know, were you engaged in the conduct? I do think the Bryan case is a hard hurdle for the defense to overcome because it recognizes that the FJDA doesn't create some sort of new type of law violation, but it's a procedural. The purpose of it is to remove juveniles from the ordinary criminal process in order to avoid the stigma of a prior criminal conviction and to encourage treatment and rehabilitation. So, this Court has acknowledged that juvenile delinquency is a procedural process, not a substantive. The juvenile, as I started off with, they still commit crimes. The conduct that they are engaging in is criminal, and then the FJDA sweeps in to remove them from the criminal process in order to avoid stigma, give them a chance to rehabilitate, and all that. But they still engage in criminal conduct. Well, I'm going to be off topic. You go ahead. What do you do with Sweeney? Sweeney, I think, we cited Sweeney in our brief, and the defense didn't cite it. I actually think that Sweeney also recognizes that the juvenile, because it says juvenile delinquency is an adjudication of status. That's what the FJDA does. It's a status adjudication, but it doesn't say that you didn't commit the crime. You didn't engage in criminal conduct. Well, it also did not allow for the discharge provision at play in Sweeney to be operative, which suggests that it doesn't entirely help you. At least on the face of it, it doesn't. Well, I would disagree, Your Honor, because the bankruptcy discharge required a criminal conviction, and so what Sweeney recognizes is that you weren't criminally convicted. And I agree. If 415 required a criminal conviction, this would be a very different situation because juveniles are not criminally convicted of adult crimes. But they are engaging in criminal conduct.  Now, I want to ask you if it makes any difference to you that a juvenile can be charged as an adult in certain situations. Because, and what I'm thinking through here is that if that's the case, then some juveniles can be committed of a crime. They're still a juvenile. There's just been a procedural mechanism to bring charges against them as an adult. So, does that make any difference in this case? Absolutely, Your Honor. The government's position would be if the court did determine that acts of juvenile delinquency don't fall under the ambit of Rule 414, if a juvenile did commit an act of child molestation and was waived to adult court and had a criminal conviction, that would fall. I want you to assume they could have been waived. I mean, this is all hypothetical because these are uncharged juvenile acts that we're dealing with.  And if they could have been waived, then yes. Then, to me, at that point, that's an adult conviction or it's subject to becoming an adult conviction, and you're no longer living in juvenile world. You're treated just like any other adult would be under 414. Okay. I do want to use my remaining time. This is a really interesting argument, and I do love legal arguments. But the court doesn't even need to reach the 414 issue in this case because, of course, the district court also amended this evidence under 403, and then there's the harmless error analysis. And the 403 argument, the defense takes issue with how the court weighed the various factors, but the defense does not point to any legal error that the court committed in the Huddleston analysis in performing its 403 balancing. And a difference- Well, wait a minute. You seem to be conflating 403 and 40- I'm sorry, Your Honor. You're right. 404B. I am so sorry. I apologize. That's why you were looking at me because I misspoke. Sorry. Nope. Totally right. The 404B analysis, the defendant doesn't take issue with the legal way that the court structured its 404B analysis. It just would weigh the factors differently. And this court shouldn't find that that's an abuse of discretion. The court thoughtfully, thoroughly weighed the factors and found that this evidence was admissible alternatively under 404B. The jury instruction issue, the Huddleston factor says you have to ask for the instruction. They blessed the instruction that was offered, and then harmless error, of course, the government submits that this is actually a really strong case in terms of child sexual assault cases. And I see that I have run out of time. Thank you. Please, the court. The Bryan case, first of all, was a pre-414 case. I'm not sure that necessarily impacts what it means. But that case was really focused on you can't go forward with a juvenile delinquency proceeding before obtaining all the juvenile records, before the information is filed. So I don't think Bryan is really particularly on point for this case. Yes, it talks about an adjudication of status. But in our view, adjudicating someone a criminal convict is also an adjudication of status, that the person is a criminal. A juvenile delinquent is not a criminal. They have engaged in acts of juvenile delinquency, not crimes. Congress could change the rule. It certainly could. I mean, if this had gone through the regular rules process, we might have gotten a better rule that didn't have the narrowing effect that the plain language of the rule has. And to the extent Congress meant otherwise, it should have used different language. What do we do with the government's reference to 404B and the interplay between those two here? Because it seems to me that they are on diametrically opposed ends of the spectrum. In other words, if the court says it's omitting something under 414, and then gives an instruction accordingly as to how this evidence can be used under 414, how can it give a Huddleston instruction, which says don't consider it for propensity, when in fact the instruction that the court is giving says use it for any purpose that you want to use it for under 414, those two things don't seem to mesh. They don't at all. It's an irreconcilable conflict. And I think that where there is a 414 admission, there shouldn't be an alternate admission under 404B because you cannot properly instruct a jury on both. Can I ask you a procedural question? Of course. So procedurally, how did this go down in the district court? Was there any discussion at the time of instructing about 404B? No, there wasn't any discussion of that. Was there any argument about the admission of this evidence that it was admissible under 404B? No, it was all done pretrial. Okay, so there was in the proceeding below discussion about 404B, though? Yeah, the government moved alternatively to admit it under 404B. Okay, and I assume that was opposed. It was opposed, but they did not raise the specific 404B argument. They did challenge the 403 basis for 414. 403 analysis applies in both. Yeah, I'm just trying to see how this would play out at the time of instructing because if the district court had made some kind of ruling that it was properly admitted under 404B, then either somebody has to submit an instruction, somebody has to say there's an inherent conflict here, or if you didn't, then when you get here, we have to be talking about plain air, don't we? Correct. I guess my recollection and help me would be that, yes, the government raised alternatively 404B. When the defendant challenged, they challenged only on 414, right? And then the district court, when it issued its decision, accepted the government's alternative ground of 404B. And went through the 404B analysis. Yes, yes. So it did rule on it.  All right. Thank you, counsel. Case is admitted. Thank you for your arguments.